## SOUTHWESTERN GAS & ELECTRIC CO. v. ROGERS.

Circuit Court of Appeals, Fifth Circuit. February 7, 1930.

Rehearing Denied March 7, 1930.

No. 5686.

Allen Wight, of Dallas, Tex., and George Prendergast, of Marshall, Tex. (F. H. Prendergast, of Marshall, Tex., on the brief), for appellant.

E. P. Price, of Tyler, Tex. (Bozeman & Cathey, of Quitman, Tex., and Butler, Price & Maynor, of Tyler, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Appellee recovered damages for the death of her hus-

band, alleged to have been caused by the negligence of appellant. There was evidence tending to show that John Rogers, the deceased, was a steeplejack, and at the time of the fatal accident was engaged in repairing and painting a water tank, elevated about 60 feet, and tower, owned by the town of Quitman, in Wood county, Texas, under a contract with the county.

Appellant is engaged in furnishing electric power, light, and water to the inhabitants of Quitman and other towns in East Texas. It had the use of a tank under contract with the county, but the county was obligated to keep it in repair. Attached to the tank was a wire belonging to appellant, which carried ordinarily 192 to 220 volts of electricity and was used for the purpose of furnishing current to control an automatic switch regulating the flow of the water from the tank. A small portion of this wire was not insulated, where a splice had been made, but this was obvious. At the time of the accident Rogers had completed the repairs and painting, and was in the act of removing his scaffolding and was working in close proximity to the wire. His hand came in contact with the uninsulated portion of the wire and he suddenly fell. A float in the tank would automatically cut off the current from the switch when it rose to a certain height. Horton, an employee of appellant, had promised Rogers that the electric current would be cut off from the tower while he was working thereon. Before starting work, Rogers had signed an agreement releasing Wood county from liability for accident or death.

Error is assigned to the overruling of a motion to direct a verdict and to the submission of various issues to the jury by the general charge. The exceptions to the charge are in such general terms that we are unable to identify the portions objected to, and the assignments do not conform to our rule 11, which requires the portions of the charge to which exception is taken to be set out totidem verbis.

The court fairly reviewed the evidence and the law, and charged the jury in substance that it was the duty of the deceased to exercise ordinary care and observation for his own safety; that the defendant (appellant) had the right to rely upon the fact that the electric wire attached to the tank was obvious; that, if contact with the wire was not the proximate cause of death, or if the defendant was not negligent in the manner of attaching the wire to the tank, or if no promise was made to keep the wire free from current, or if the deceased was guilty of contributory negligence, the plaintiff could not recover.

The charge as a whole was fair to appellant. The contract with Wood county did not operate in favor of appellant. Rogers had the right to rely upon the promise of Horton to keep the wire free from electric current while he was working, if Horton was a representative of appellant authorized to make such a promise. On the evidence before them, though disputed, the jury could have found that Horton was a representative of appellant for the purpose of making the promise, and that he did so.

The record presents no reversible error.

Affirmed.